Honorable Frank W. Conard, II District Attorney P.O. Box 1038 Sweetwater, Texas 79556
Re: Use of controlled substances as "bait" in a sting operation (RQ-1928)
Dear Mr. Conard:
Your questions are prompted by a scenario where a law enforcement officer delivers a sample of a previously forfeited controlled substance to a suspect in order to induce the suspect to make a large purchase of a controlled substance. You state that officers "may need to let a sample go to the traffickers in order that approval can be obtained by them from some higher authority to make the larger purchase."
You ask whether this type of reverse sting is legal. Section 5.08 of article 4476-15, V.T.C.S., now section 481.159 of the Health and Safety Code, lists the various orders a district court may enter in directing a law enforcement agency to use or dispose of a forfeited controlled substance. Subsection (a) of section 481.159, as amended by the 71st Legislature, H.B. 989, Acts 1989, 71st Leg., ch. 678, § 1, at 2948, provides the court may order a law enforcement agency to:
 (1) retain property for its official purposes, including use in the investigation of offenses under this chapter. . . . (Emphasis reflects addition by amendment.)
Subsection (c), added by amendment, provides for strict regulations over controlled substances used for investigation of offenses under this chapter. A qualified person must be employed to conduct analysis of the substances before and after its use in an investigation. Storage is required in an area accessible only to the law enforcement agency head and the person responsible for analyzing, preserving, and maintaining security over the substances. A log must be maintained that reflects the date, return, type, amount, and concentration of the substance in the investigation. It must reflect the signature and printed or typed name of the officer to whom the substance is issued as well as that of the individual issuing same.
Section 481.159 not only provides for the return of the forfeited substance used for investigation of offenses, but also requires that the substance be analyzed before and after its return. We believe that the legislature has evidenced its intent that any forfeited substance released for investigation must be returned in an unaltered condition. Further indication that any substance must not be placed back in circulation is evidenced by the requirement that a person is designated to be responsible for "preserving and maintaining security over the substances." Under the scenario you have related, the controlled substance is released to the suspect without any assurance that it will be recovered. We do not believe that the release of a forfeited controlled substance to be placed back into circulation is permissible under section 418.159.
 SUMMARY
The release of a forfeited controlled substance to a law enforcement officer for the purpose of delivering a sample to a suspect to induce the suspect to make a larger purchase is not permissible under section 481.159 of the Health and Safety Code.
Very truly yours,
 Jim Mattox Attorney General of Texas
 Mary Keller First Assistant Attorney General
 Judge Zollie Steakley Special Assistant Attorney General
 Renea Hicks Special Assistant Attorney General
 Rick Gilpin Chairman Opinion Committee
 Prepared by Tom G. Davis Assistant Attorney General